Lizzie Hlavati, Appellee, v. Consolidated Coal Company, Appellant.

VERDICT—*when set aside as against the evidence.* A verdict clearly and manifestly against the weight of the evidence will be set aside on review.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1908. Reversed with finding of facts. Opinion filed August 5, 1909.

BELL & BURTON and BROWN, WHEELER, BROWN & HAY, for appellant.

E. C. KNOTTS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment for $5000 recovered by the surviving widow of Andrew Hlavati, deceased, against the Consolidated Coal Co. of St. Louis. The declaration charges in substance that on June 13, 1907, the defendant was operating a certain coal mine and two certain hauling roads in the main west entry of said mine over which loaded and empty coal cars were drawn by mules; that no rooms at regular intervals not exceeding twenty yards apart had been driven from said entry nor was there a clear space of two and a half feet between said cars while so drawn over the hauling roads, and either rib or side wall of said entry; that the defendant wilfully failed and neglected to have places of refuge cut in the side walls of said entry at least two and a half feet deep, or to have a clear space of two and a half feet between the cars and the ribs of said entry, as required by paragraph "b" section 21 of the statute relative to mines and miners; that Andrew Hlavati was in the employ of the defendant as a loader at said mine; that on the day aforesaid while passing through said entry from his work, he was by reason of such wilful neglect run upon and against by one or more coal cars, and killed.

The evidence discloses that the main entry of the mine ran in a northwesterly and southeasterly direction from what was known as the driver's seat located at the head of the main entry, to the bottom of the shaft; that it was at least twenty feet wide, and about a half mile long, and contained two tracks over which cars loaded with coal were hauled from the parting to the bottom of the shaft and empty coal cars returned, and that such entry was used by about 100 employes of the defendant as a means of ingress and egress. On the morning of June 13th, Andrew Hlavati, aged 23 years, and in the employ of the defendant as a coal loader, went to his work as usual; at about 10 o'clock

in the morning of that day, he suddenly left the room in which he was working, and started to walk toward the bottom of the shaft, which was about a mile distant. Shortly thereafter he was met by one Rabbe, a driver, who asked him why he was going home, to which Hlavati replied that he "was not feeling good." As he passed the head of the mine entry Huhsman, who sat at the driver's seat, acting as boss driver, asked him why he was going out, to which he replied "Me sick." After passing Huhsman he started to walk between the full and empty tracks, between which was a space of not less than 43 inches. He was at least six feet from the north rib and thirteen feet from the south rib at the entry. He was thereafter met by Miller, a mule driver, who was returning with empty cars to the bottom, and was then walking on the south side of the empty track, and was still walking between the two tracks, between which at that point was a clear space of forty-three inches, and the space between the south track and the south rib was variously estimated to be from fourteen inches to six feet. Thereafter and at a point about 173 steps from the driver's seat he was seen by one Moehle who was driving along the north track to the parting with two mules hitched to six empty cars, lying between the two tracks, in a space of about forty-five inches. After all the cars had passed Hlavati, Moehle stopped his trip, and while running back to Hlavati saw him raise his head and heard him moan, but when he reached him he was dead. His head and neck were against the inside rail of the north or "empty" track, and his feet were caught under the fish-plate on the inside rail of the other track. His shirt was torn in such a manner as to indicate that he had been scraped by the passing cars.

The evidence further shows that no cars other than those driven by Miller and Moehle passed Hlavati, and that there were no cars standing upon the full track at any time while he was in the entry. Moehle testified that he thought all of the cars in his trip struck Hlavati.

There is a conflict in the evidence as to the position of the various parts of Hlavati's body when it was found; as to the distance from the cars to the rib, on the north side of the north track; as to the clear space between the south rail of the south track and the gob on the south rib; as to the height of such gob, and as to whether Hlavati was struck by the wheel or the oil cups of the trip of cars driven by Moehle. There were no places of refuge cut in the side wall of the entry as required by the statute, and we do not deem it necessary to determine whether or not in lieu thereof there was a clear space of two and a half feet between the cars and the rib of the entry as required by the statute, nor whether the statute in question applies to entries containing a double track. It was essential to a recovery that the plaintiff prove by the greater weight of the evidence not only that the defendant was guilty of the negligence charged, but also that such negligence was the proximate cause of the injury received by Hlavati. A consideration of all the facts and circumstances in evidence, with all the reasonable inferences to be drawn therefrom, fails to establish that such was the case. On the contrary it clearly appears from the undisputed facts, that between the place where his head was struck by the oil cups of the cars on the north track, and the north rail of the south track, there was a level space of at least forty-three inches, or between the outside edge of the car which struck him and said north rail of the south track a level space of at least thirty-two inches, and this without regard to the space occupied by the south track nor the space between that track and the south rib. It seems manifest therefore that proof of the absence of places of refuge or the clear space required by the statute was insufficient to establish that such violation, if conceded, was the mediate or immediate cause of the death of the plaintiff's intestate. The jury were unwarranted in so finding, and it was the duty of the trial court to have directed a verdict in favor of the

defendant. The judgment of the Circuit Court must accordingly be reversed, without remanding.

The clerk will incorporate in the judgment of this court a finding that the alleged violation of the statute by the defendant as charged in the declaration was not the proximate cause of the injury to and death of the plaintiff's intestate, Andrew Hlavati.

*Reversed with finding of facts.*